UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARREON MCGLORY #444390, et al.,        Case No.   2:20-cv-00081

      Plaintiffs,        Hon.   Hala Y. Jarbou
                                                               U.S. District Judge

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This is a civil rights action brought by state prisoners Marreon McGlory, Jared Fortin, Gleen A. Kerbyson, Armond Humes, Robert Battle, and Jeremy Piggue pursuant to 42 U.S.C. § 1983.  The Plaintiffs' remaining Eighth Amendment claim is against Kinross Correctional Facility Warden Brown and Chippewa Correctional Facility Warden Miller for denying the Plaintiffs soap and cleaning supplies for five days while they were quarantined together. Before the Court is Defendants' motion to dismiss for failure to state a claim.   (ECF No. 33.)

In their complaint, Plaintiffs alleged "they had to be housed in a cell with [one] another without any cleaning supplies (the other prisoner was suspected of having contacted Covid-19), they were denied showers for the first five days, and were denied clean clothes, were denied soap, deodorant and toothpast[e] the entire eight days (was only give[n] one soap for a shower, of which they were only given two in eight days)."

(ECF No. 1, PageID.4 (parentheses in original).)   Plaintiff Kerbyson submitted a declaration stating that he was denied cleaning supplies during the time that he was quarantined.  (ECF No. 1-1. PageID.10.)   Similarly, Plaintiffs Piggue and Fortin submitted declarations stating that they were denied cleaning supplies during the first five days they were quarantined together.   (*Id.*, PageId.11-12.)

On July 30, 2020, the Court issued a screening opinion and order for partial dismissal.  (ECF Nos. 12 and 13.)   The Court found that the complaint failed to state a claim against the Michigan Department of Corrections (MDOC), MDOC Director Washington, and MDOC Deputy Director McKee.   (ECF No. 12.)   The Court also dismissed Plaintiffs' First and Fourteenth Amendment claims against Wardens Brown and Miller.  (*Id.*)   The Court ruled that the Eighth Amendment claims regarding the denial of soap and cleaning supplies stated a claim against Wardens Brown and Miller.   (Id., PageID.99-102.)   The Court explained:

> Notwithstanding these official policies, however, Defendants allegedly failed to provide soap or cleaning supplies to Plaintiffs for five days, despite the fact that Plaintiffs all had previously been exposed to persons diagnosed with COVID-19 and all shared a cell, using the same toilet and sink. Given what is known about the spread of COVID-19, Defendants' refusal to supply Plaintiffs with necessary soap and cleaning supplies during their quarantine is the type of deprivation that arguably implicates the Eighth Amendment.   The Court concludes that Plaintiffs' Eighth Amendment claims are not clearly frivolous and may not be dismissed on initial review.

(*Id.*, PageID.102.)

On October 27, 2020, the Court denied a motion for reconsideration filed by Plaintiffs Battle, McGlory, Piggue, and Humes.   (ECF No. 32.)

- 2 -

Defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted. (ECF No. 33.) Plaintiffs Battle and McGlory filed responses. (ECF Nos. 38 and 40.) It is respectfully recommended that the Court grant in part and deny in part the motion to dismiss by dismissing Plaintiffs' official capacity claims against Wardens Miller and Brown and by denying the motion on all other grounds. If the Court accepts this recommendation, Plaintiffs' Eighth Amendment claims against Wardens Miller and Brown for failing to provide soap and cleaning supplies for five days will be the remaining issue in this case.

**II. Motion to Dismiss for Failure to State a Claim**

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff.

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

### III. Official Capacity

Plaintiffs sue Wardens Miller and Brown in both their individual and official capacities. Plaintiffs' claims against Wardens Miller and Brown in their official capacities are barred by the Eleventh Amendment. The Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

> A suit against a state official in his or her official capacity for damages cannot be maintained pursuant to § 1983 because that official has Eleventh Amendment immunity. This is true because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." As such, a suit against a state official in his or her official capacity is no different than a suit against the state.

*Clark v. Chillicothe Corr. Inst.*, No. 2:19-CV-954, 2020 WL 1227224, at *3 (S.D. Ohio Mar. 13, 2020) (citations omitted).

The Sixth Circuit, in interpreting *Will*, has held "that plaintiffs seeking damages under § 1983 [must] set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials. *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). To the extent that Plaintiffs seek money damages, costs and fees from Defendants in their official capacity, it is recommended that the Court find that Plaintiffs' official capacity claims are barred by sovereign immunity.[1]

### IV. Personal Involvement

Defendants Brown and Miller argue that they were not personally involved in denying the Plaintiffs soap and cleaning supplies while they were all quarantined together in the same cell. "[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury." *Pineda v. Hamilton Cty., Ohio*, No. 19-3839, 2020 WL 5868402, at *3 (6th Cir. Oct. 2, 2020) (italics in original).

In the Opinion dated July 30, 2020, the Court considered the personal involvement of each Defendant (ECF No. 12, PageID.93-94), and found that Plaintiffs' complaint stated Eighth Amendment claims against Wardens Brown and Miller for

---

[1] "There are three exceptions to a State's sovereign immunity: (a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies; and (c) when Congress has properly abrogated a State's immunity." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Only the second exception is potentially at issue here. "Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law." *Id.* Plaintiffs do not seek prospective injunctive relief.

failing to provide soap and cleaning supplies for five days during their quarantine period. (*Id*., PageID.99-102.) Neither Warden Brown nor Warden Miller moved for reconsideration of the Court's decision. There is no reason why the Court should revisit this issue in a motion to dismiss. The Court ruled that the complaint states an Eighth Amendment claim against Wardens Brown and Miller. Taken in the light most favorable to Plaintiffs, Plaintiffs have asserted that Defendants Brown and Miller established policy that denied them soap and cleaning supplies, were involved in denying them soap and cleaning supplies, ordered other prison employees to deny Plaintiffs' soap and cleaning supplies, and set forth the response plan that caused them to be quarantined together without appropriate cleaning supplies.

## V. Qualified Immunity

Defendants argue that they are entitled to qualified immunity as a matter of law. The Court set forth the Eighth Amendment standard in the July 30, 2020 Opinion and explained why Plaintiffs stated an Eighth Amendment claim against Wardens Brown and Miller. (ECF No. 12, PageID.99-102.) In general, the Court cannot consider the issue of qualified immunity during the initial screening of the complaint, especially in a case where there exists a potential factual dispute that could determine the outcome of the application of the qualified immunity defense.

Defendants argue that they are entitled to qualified immunity because there was no clearly established law in March of 2020, putting prison officials on notice that the failure to supply prisoners in quarantine with more than one bar of soap and necessary cleaning supplies could violate the Eighth Amendment. (ECF No. 34,

PageID.210.) The Covid-19 pandemic was just beginning in March of 2020, so it is not surprising that no Court had specifically made such a finding at that time. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining whether the government officials in this case are entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Phillips*, 534 F.3d at 538-39 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006)); *cf. Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that the two-part test is no longer considered mandatory; thereby freeing district courts from rigidly, and potentially wastefully, applying the two-part test in cases that could more efficiently be resolved by a modified application of that framework).

"A right is 'clearly established' for qualified immunity purposes if 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 2156 (2001)). The inquiry whether the right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201; *see also*

*Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (directing courts "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced") (internal quotation marks and citations omitted). Thus, the doctrine of qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Humphrey*, 482 F.3d at 847 (internal quotation marks omitted).

"The relevant inquiry is whether existing precedent placed the conclusion" that the defendant violated the plaintiff's rights "in these circumstances 'beyond debate.'" *Mullenix v. Luna*, 577 U.S. 7, 13-14 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the conduct must be apparent. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiffs. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998).

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987).

In *Taylor v. Riojas*, 141 S.Ct. 53 (2020) – a case presenting similar issues regarding sanitary conditions of a prison cell – the Supreme Court issued a per curiam decision reversing a grant of qualified immunity to prison guards who held a prisoner in "a pair of shockingly unsanitary cells." *Id.*, slip op. at 1. The first cell was covered on the floor, walls, ceiling, windows, and even inside the water faucet with massive amounts of feces. The prisoner remained in the cell for nearly four days, during which he did not eat or drink because of fear of contamination. The second cell was frigidly cold, equipped with only a clogged drain for disposal of waste. The prisoner held his urine for over 24 hours, when he involuntarily released his bladder, causing the drain to overflow with raw sewage. The Court held that no reasonable officer could have concluded that under the extreme circumstances it was constitutionally permissible to keep the prisoner for such an extended period of time.

As previously explained in the July 30, 2020 opinion, an issue of fact exists whether Defendants refused to provide soap and cleaning supplies to prisoners in quarantine while they were being monitored due to Covid-19 exposure, and whether Defendants' actions violated Eighth Amendment standards. That issue cannot be resolved on a motion to dismiss.[2] For this reason, it is recommended that the Court deny Defendants' motion to dismiss based upon qualified immunity.

---

[2]  This is exactly why motions to dismiss after the Court has screened a prisoner civil rights case are discouraged. The better litigation practice is to bring a summary judgment motion with appropriate factual support such as affidavits or exhibits that resolve issues of fact.

## VI.  Recommendation

It is respectfully recommended that the Court grant in part and deny in part Defendant's motion to dismiss as follows:

1)   dismiss Plaintiffs' official capacity claims against Defendants; and

2)   deny Defendants' motion to dismiss the complaint based upon lack of personal involvement and qualified immunity.

If the Court accepts this recommendation Plaintiffs' Eighth Amendment claims against Wardens Miller and Brown for failing to provide soap and cleaning supplies for five days will be the remaining issue in this case.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:    March 30, 2021                         /s/ *Maarten Vermaat*
                                                 MAARTEN VERMAAT
                                                 U.S. MAGISTRATE JUDGE