UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARREON MCGLORY, et al.,

      Plaintiffs,

v.

                                      Case No. 2:20-cv-81

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

                                       Hon. Hala Y. Jarbou

      Defendants.

_____/

## ORDER

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by state prisoners Marreon McGlory, Jared Fortin, Gleen A. Kerbyson, Armond Humes, Robert Battle, and Jeremy Piggue.  Plaintiffs' remaining claim is against Kinross Correctional Facility Warden Brown and Chippewa Correctional Facility Warden Miller.  Plaintiffs allege that Defendants violated the Eighth Amendment when they denied Plaintiffs soap and cleaning supplies for five days while Plaintiffs were quarantined together.  Before the Court is the magistrate judge's March 30, 2021 Report and Recommendation (R&R) examining Defendants' motion to dismiss under Rule 12(b)(6).

### I. Background

Plaintiffs allege in their complaint that they were quarantined in a "cell with [one] another without any cleaning supplies," despite suspicions that one prisoner had been exposed to Covid-19. (ECF No. 43, PageID.235.)  While quarantined, Plaintiffs were allegedly also "denied showers for the first five days . . . [as well as] clean clothes . . . deodorant and toothpast[e] for the entire eight days."  (*Id.*)  Plaintiffs likewise claim that they were "only give[n] one soap for a shower, of which they were only given two in eight days."  (*Id.*)

On July 30, 2020, the Court issued a screening opinion dismissing most of Plaintiffs' claims.  (ECF Nos. 12 and 13.); *see also Wagle v. Corizon*, No. 19-13787, 2020 WL 4584166, at *2 (E.D. Mich. Aug. 10, 2020) (explaining that the Prison Litigation Reform Act requires courts to screen prisoner complaints and dismiss those in which, inter alia, the complaint fails to state a claim upon which relief can be granted).  Specifically, the Court found that the complaint failed to state a claim against the Michigan Department of Corrections (MDOC), MDOC Director Washington, and MDOC Deputy Director McKee.  (ECF No. 43, PageID.236.)  The Court likewise dismissed Plaintiffs' First and Fourteenth Amendment claims against Wardens Brown and Miller, but ruled that Plaintiffs' Eighth Amendment claims against Brown and Miller could proceed.  (*Id.*)  On October 27, 2020, the Court denied a motion for reconsideration filed by Plaintiffs Battle, McGlory, Piggue, and Humes.  (ECF No. 32.)

Defendants then filed a motion to dismiss for failure to state a claim upon which relief may be granted.  (ECF No. 33.)  Plaintiffs Battle and McGlory filed responses, (ECF Nos. 38 and 40.), and the magistrate judge then issued the R&R that is now before the Court.  The R&R proposes that the Court deny Defendants' motion to dismiss.  (ECF No. 43, PageID.237.)  Defendants and Plaintiff McGlory filed objections to the R&R, which the Court considers below.  (ECF Nos. 44 and 47.)

## II. Standards

### A. Objections to Reports and Recommendations

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### B. Motion to Dismiss for Failure to State a Claim

Defendants have filed a motion (ECF No. 5) to dismiss under Fed. R. Civ. P. 12(b)(6). Dismissal on a motion under Rule 12(b)(6) is appropriate when the complaint fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A plaintiff's allegations must include sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible," *id.* at 570, demonstrating "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Analysis

### A. Defendants are Not Required to Move for Reconsideration of the Screening Order

Defendants object to the magistrate judge's recommendation that the Court deny their motion to dismiss for failure to state a claim. The Court agrees with this objection.  The R&R says that "there is no reason why the Court should revisit [the] issue [of personal involvement] in a motion to dismiss" because the Court has already screened Plaintiff's complaint.  (ECF No. 43, PageID.240.)  However, other courts have noted that "while Rule 12(b)(6) pleading standards are

virtually identical to those used on screening, a motion to dismiss filed by counsel after initial screening may contain meritorious arguments not previously fully considered by the Court." *Burfitt v. Bear*, No. 1:15-CV-730, 2016 WL 4992017, at *2 (S.D. Ohio Aug. 15, 2016), *report and recommendation adopted*, No. 1:15-CV-730, 2016 WL 4944773 (S.D. Ohio Sept. 16, 2016). Accordingly, the Court considers Defendants' motion to dismiss, despite their decision not to seek reconsideration of the initial screening order.  (EFC No. 43, PageID.240.)

The Court agrees with the magistrate judge's overall point about the tension between reconsideration and repeated Rule 12(b)(6) motions.  (*Id.*)  In a properly pleaded complaint, an issue of fact *would* exist whether Defendants refused to provide soap and cleaning supplies to prisoners in quarantine.  Given this, the Court agrees that "[t]he better litigation practice is to bring a summary judgment motion with appropriate factual support such as affidavits or exhibits that resolve issues of fact."  (ECF No. 43, PageID.243, n.2.)  But Plaintiffs fail to make specific accusations against Defendants.  It is therefore unclear which issues pertain to Defendants and which—if any—pertain to others in the MDOC.  For that reason, the Court will consider Defendants' Rule 12(b)(6) motion to dismiss.

### B. Dismissal for Failure to State a Claim

Although Plaintiffs' Eighth Amendment claim against Wardens Brown and Miller survived the initial screen of the original complaint pursuant to 42 U.S.C. § 1915(e) and § 1915A, the Court has "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir.1991).  Accordingly, the Court reconsiders its initial conclusion.  For the reasons explained below, dismissal of both the official and personal capacity Eighth Amendment claims is appropriate.  *See Bloodworth v. Timmerman-Cooper*, No. 2:10-CV-1122, 2012 WL 604236, at *2 (S.D. Ohio Feb. 23, 2012),

*report and recommendation adopted*, No. 2:10-CV-1122, 2012 WL 3727656 (S.D. Ohio Aug. 28, 2012).

The court must construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility.  *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).  That said, "basic pleading essentials are not abrogated in *pro se* suits." *Griffith v. Corr. Med. Servs., Inc.*, No. 2:10-CV-155, 2011 WL 4526744, at *3 (W.D. Mich. Sept. 28, 2011) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989)).  Plaintiffs' complaint does not explain how Wardens Brown and Miller were involved in the alleged violation of their rights.  As such, the complaint does not state a claim upon which relief can be granted.

"To state a civil rights claim, 'even a *pro se* prisoner must link his allegations to material facts . . . *and indicate what each defendant did to violate his rights*.'" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir.), *cert. denied*, 140 S. Ct. 528, 205 L. Ed. 2d 340 (2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)) (emphasis added).  In this case, Plaintiffs' complaint does not connect their treatment to any specific actor.  Plaintiffs include Brown and Miller as defendants in their caption and list of parties to the action and describe a set of facts that may state a plausible Eighth Amendment claim.  (ECF No. 1)  However, they do not explain which defendant is responsible for what wrongdoing.  Where a defendant is named "without an allegation of specific conduct, the complaint is subject to dismissal." *Frantz v. Michigan Dep't of Corrections*, 2011 WL 3100564, at *4 (W.D. Mich. July 25, 2011) (citation omitted).

It may seem clear that Plaintiffs accuse Defendants of the conduct described by the complaint: Plaintiffs were subject to a process within the MDOC, and a warden has authority over

prison policies. Yet, "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrections Corp. of America*, 92 Fed. App'x. 188, 190 (6th Cir. 2004); *see also Wilske v. Granholm*, No. 08-13270, 2008 WL 4852678, at *2 (E.D. Mich. Nov. 7, 2008) ("The caption of a Complaint is not considered part of the pleader's statement of the claim."). Here, Plaintiffs do not refer to the Defendants in their statement of claims. Because Plaintiffs do not explain specifically what Wardens Brown and Miller did—or failed to do—they do not state a claim upon which relief can be granted.

### C. Official Capacity

The Court agrees with the magistrate judge's conclusion that claims against Wardens Brown and Miller in their official capacities would be barred by the Eleventh Amendment to the extent that Plaintiffs seek money damages, costs and fees. "[P]laintiffs seeking damages under § 1983 [must] set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). But because the Court will dismiss Plaintiffs' claims under Rule 12(b)(6), the issue of sovereign immunity is moot.

### D. Qualified Immunity

Defendants argue that "[t]he R&R erroneously fails to issue a definitive ruling on whether the MDOC Defendants violated clearly established law." (ECF No. 44, PageID.263.) They say that they "are entitled to a clear and definite ruling on whether [Defendants] each violated clearly established law under a qualified immunity analysis." (*Id.*) But as Defendants argue elsewhere, "there are no acts or omissions in the complaint attributed to Brown or Miller." (ECF No. 44, PageID.255.) The Court need not "conjure up [unpleaded] allegations." *See Griffith*, 2011 WL 4526744, at *3 (citing *McDonald v. Hall*, 610 F.2d 16 (1st Cir.1979)). It will not, therefore,

6

imagine potential allegations against Defendants to support a qualified immunity analysis regarding those allegations.  This is one reason why "the defense of qualified immunity is best addressed after determining whether plaintiff has stated a constitutional claim upon which relief can be granted."  *Kyles v. Kusey*, No. 13-CV-10355, 2013 WL 6409956, at *10 (E.D. Mich. Dec. 9, 2013); *see also Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015) ("It is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity.").  Because Plaintiffs' complaint fails to state a claim upon which relief may be granted, assessment of Defendants' entitlement to qualified immunity is premature.  *See, e.g.*, *Anders v. Cuevas*, 984 F.3d 1166, 1181 (6th Cir. 2021) ([Plaintiff's] claim is insufficiently pleaded, [so] we need not address the issue of qualified immunity.").

### E. Plaintiffs' Objections

Although Plaintiff's amended complaint fails to state a claim, the Court will briefly address the Plaintiffs' objections to the R&R.  First, Plaintiffs appear to raise a Fourteenth Amendment claim.  (ECF No. 47, PageID.276-77.)  But this Court dismissed Plaintiffs' Fourteenth Amendment claim in the July 30, 2020 screening order.  (ECF No. 12, PageID.96-7.)  Plaintiffs cannot resurrect that claim here.

Similarly, Plaintiffs' objection claims that Defendants violated the Michigan Administrative Code.  This assertion appears nowhere in the original complaint, and there is no basis upon which a claim on these grounds might have been inferred.  Likewise, the R&R does not mention the Michigan Administrative Code.  A plaintiff "may not raise entirely new claims in [his] objections," regardless of his *pro se* status.  *Dennis v. Knab*, No. 2:08-CV-866, 2010 WL 3258395, at *1 (S.D. Ohio Aug. 17, 2010); *see also Holycross v. United States*, No. 2:05-CR-262, 2012 WL 13093313, at *1 (S.D. Ohio May 3, 2012) ("This Court does not ordinarily permit a petitioner to raise new claims via his objections to a Magistrate Judge's Report and Recommendation.").

Therefore, the Court rejects Plaintiffs' objection regarding prison compliance with the Michigan Administrative Code.  *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir.1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")).

Plaintiffs also discuss their Eighth Amendment claim in their objection to the R&R. However, the magistrate judge would have allowed them to proceed with this claim.  The Court concludes that Plaintiffs fail to state a claim upon which relief can be granted.  Therefore, their discussion of their Eighth Amendment claim is moot.

## IV. Conclusion

For the foregoing reasons, the Report and Recommendation (ECF No. 43) is **ADOPTED in  part** and **REJECTED  in  part**.  The Court **ADOPTS** the  recommendations relating to qualified immunity but otherwise **REJECTS** the Report and Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 33) is **GRANTED**.

Dated:   June 17, 2021                              /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     UNITED STATES DISTRICT JUDGE